FILED
Date: 10/31/23
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT of FLORIDA
OCALA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 5:23-cr-108-TPB-PRL
18 U.S.C. § 1343

DANIELLE JANE LILES

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE THROUGH EIGHT

#### A. Introduction

At times material to this Indictment:

1. DANIELLE JANE LILES was a resident of the Middle District of Florida. She created and maintained a bank account with Florida Credit Union.

2. Florida Credit Union was a financial institution that provided, among other services, bank accounts to its customers. Florida Credit Union allowed for its customers to complete wire transfers to and from other financial institutions. Wire transfers occur when the originating customer instructs its financial institution to electronically transfer funds to a beneficiary customer. Wire transfers allow money to be moved quickly and securely without the need to exchange cash. They allow two parties to transfer funds even if they are in different geographic locations. A wire transfer facilitates money transfers electronically across a network of banks or transfer agencies around the world. An Automated Clearinghouse Services ("ACH") transaction is a wire transfer from one bank to another bank. All ACH

transfers passed through the Federal Reserve Bank. The state of Florida did not have a Federal Reserve bank. The Federal Reserve bank for Florida Credit Union ACH transfers was in Atlanta, Georgia. Florida Credit Union had branches in the Middle District of Florida and elsewhere in Florida.

3. Truist Bank was a financial institution that provided, among other services, bank accounts to its customers. Truist Bank allowed for its customers to complete wire transfers to other financial institutions. This financial institution had branches in the Middle District of Florida and elsewhere.

### B. The Scheme and Artifice

7. Beginning on or about January 11, 2016, and continuing through on or about April 10, 2023, in the Middle District of Florida and elsewhere, the defendant,

**DANIELLE JANE LILES,**

knowingly devised and intended to devise a scheme and artifice to defraud Silver River Mentoring and Instruction ("SRMI") and to obtain money by means of materially false and fraudulent pretenses, representations, and promises.

### C. Manner and Means of the Scheme and Artifice

8. The manner and means by which the defendant sought to accomplish the scheme and artifice include, among others, the following:

a. It was part of the scheme that the defendant was employed with SRMI and tasked with handling financial responsibilities to include payroll, bank statements, and bank reconciliation.

b. It was further part of the scheme that the defendant issued herself 137 unauthorized paychecks by logging the fraudulent amounts into SRMI's accounting software.

c. It was further part of the scheme that the defendant caused SRMI to directly deposit $616,793.43 through electronic ACH wire transfers from SRMI's Truist Bank account into the defendant's Florida Credit Union bank account.

D. **Execution of the Scheme and Artifice**

9. On or about the dates set forth below, in the Middle District of Florida and elsewhere, the defendant,

**DANIELLE JANE LILES,**

for the purpose of executing the aforementioned scheme and artifice, knowingly and intentionally transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures, and sounds described below, each transmission constituting a separate count:

| COUNT | DATE OF WIRE | DESCRIPTION OF WIRE |
| --- | --- | --- |
| ONE | October 21, 2016 | Wire deposit in the amount of $5,548.51 from SRMI to Liles's Florida Credit Union account ending in 2925. |
| TWO | April 17, 2017 | Wire deposit in the amount of $4,489.41 from SRMI to Liles's Florida Credit Union account ending in 2925. |
| THREE | November 29, 2018 | Wire deposit in the amount of $6,142.37 from SRMI to Liles's Florida Credit Union account ending in 2925. |

| COUNT | DATE OF WIRE | DESCRIPTION OF WIRE |
|---|---|---|
| FOUR | July 31, 2019 | Wire deposit in the amount of $6,980.05 from SRMI to Liles's Florida Credit Union account ending in 2925. |
| FIVE | July 27, 2020 | Wire deposit in the amount of $6,151.39 from SRMI to Liles's Florida Credit Union account ending in 2925. |
| SIX | November 2, 2021 | Wire deposit in the amount of $9,821.42 from SRMI to Liles's Florida Credit Union account ending in 2925. |
| SEVEN | December 21, 2022 | Wire deposit in the amount of $6,057.93 from SRMI to Liles's Florida Credit Union account ending in 2925. |
| EIGHT | February 8, 2023 | Wire deposit in the amount of $6,363.85 from SRMI to Liles's Florida Credit Union account ending in 2925. |

In violation of 18 U.S.C. § 1343.

## FORFEITURE

1. The allegations contained in Counts One through Eight are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture for at least $616,793.43, which represents the proceeds obtained from the offense charged in Counts One through Eight.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: /s/ Hannah J. Nowalk
Hannah J. Nowalk
Assistant United States Attorney

By: /s/ Robert E. Bodnar, Jr.
Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

FORM OBD-34
October 23

No. 5:23-cr-

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Ocala Division

THE UNITED STATES OF AMERICA

vs.

DANIELLE JANE LILES

## INDICTMENT

Violations: 18 U.S.C. § 1343 (8 counts)

A true bill,

███████████████
Foreperson

Filed in open court this 31st day of October 2023.

_M. Taylor_
Clerk

Bail $_____

GPO 863 525